UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21250-CIV-LENARD
MAGISTRATE JUDGE P.A. WHITE

ANTONIO HOLLOWAY,                         :

          Plaintiff,                      :

v.                                        :        PRELIMINARY REPORT
                                                   OF MAGISTRATE JUDGE
CHAPLAIN BIZZARRO, ET AL.,                :

          Defendants.                     :
_____

## I.  Introduction

On April 29, 2008, Antonio Holloway filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1].  The plaintiff is proceeding in forma pauperis. [DE# 6].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

　　　　　*　　*　　*

(B) the action or appeal –

　　　　　*　　*　　*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

A complaint is "frivolous under section 1915(e) "where it
lacks an arguable basis either in law or in fact." Neitzke v.
Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346,
1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on
this ground should only be ordered when the legal theories are
"indisputably meritless," id., 490 U.S. at 327, or when the claims
rely on factual allegations that are "clearly baseless." Denton v.
Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state
a claim are governed by the same standard as Federal Rule of Civil
Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)").  In order
to state a claim, a plaintiff must show that conduct under color of
state law, complained of in the civil rights suit, violated the
plaintiff's rights, privileges, or immunities under the
Constitution or laws of the United States.  Arrington v. Cobb
County, 139 F.3d 865, 872 (11 Cir. 1998).

2

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).[1]

---

[1] Despite recent Supreme Court decisions apparently to the contrary, the Eleventh Circuit still applies a "heightened pleading" standard to complaints alleging §1983 claims against entities who may raise qualified immunity as a defense such as

government officials sued in their individual capacities. The Eleventh Circuit recently acknowledged that "[t]he use of the so-called 'heightened pleading' requirement, though longstanding, continues to give rise to debate. Our cases on this topic are perhaps not the model of clarity . . . ." Weissman v. National Association of Securities Dealers, Inc., 500 F.3d 1293, 1309 n.6 (11 Cir. 2007)(Tjoflat, J., dissenting opinion, criticizing the majority opinion for utilizing a liberal pleading standard). In Jones v. Bock, 127 S.Ct. 910 (2007), the Supreme Court invalidated a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure. Significantly, the Supreme Court stated that "courts should not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." The Court explained that heightened pleading requirements can only be established through the legislative process, and noted that the Court had previously rejected the use of a heightened standard in §1983 suits against municipalities (such as Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)), a similar standard used in employment discrimination suits (Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)) and in a death penalty case (Hill v. McDonough, 126 S.Ct. 2096 (2006)(unanimously rejecting a proposal that §1983 suits challenging a method of execution must identify an acceptable alternative: "Imposition of heightened pleading requirements, however, is quite a different matter. Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts.")). In Bell Atlantic Corp. v. Twombly, supra, the Supreme Court held that a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements). In Erickson v. Pardus, supra, the Supreme Court vacated the Tenth Circuit's dismissal of a §1983 case at the motion to dismiss stage based on a failure in the pleadings, emphasizing that Rule 8(a)(2) requires only a short and plain statement, and accentuating that a departure from the liberal pleading standards set forth in Rule 8(a)(2) is particularly troublesome when the plaintiff is pro se, as pro se pleadings are to be liberally construed. Interestingly, the Eleventh Circuit has never cited the Erickson case.

The Jones v. Bock, Twombly and Erickson Courts have once again reiterated, as the Supreme Court unanimously held in Leatherman, Swierkiewicz, and Hill, that adopting a different and more onerous pleading standard in particular types of cases should be done

The plaintiff seeks to sue Metro West Detention Center Chaplain Bizzarro and Timothy Ryan, Director, Miami-Dade Corrections and Rehabilitation Department.  The plaintiff alleges that his religious tenets prohibit him from eating pork and pork by-products, and Bizzarro has denied his requests for pork-free meals in violation of his First Amendment right to the free exercise of religion.  He seeks to hold Ryan accountable because he directs and supervises Bizzarro.

### Director Ryan

The plaintiff raises no specific allegations of wrongdoing against Director Ryan with regard to the alleged denial of pork-free meals.  He specifically seeks to include him as a defendant in this action because he holds a supervisory position.   This he cannot do.  Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986).  Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action.  Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

Accordingly, the complaint against Director Ryan is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

---

through established rulemaking procedures, and not on a case-by-case basis by the courts.  The District of Columbia Circuit has recently noted that the Supreme Court "has continually pruned back [heightened pleading] requirements, with the admonition that we are not to impose heightened pleading requirements." Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc., ___ F.3d. ___ (D.C. Cr. April 29, 2008).

Chaplian Bizzarro

The plaintiff alleges that Bizzarro has denied him the right to pork-free meals.

The First Amendment, made applicable to the States through the Fourteenth Amendment, "safeguards the free exercise of [one's] chosen form of religion." Cantwell v. State of Connecticut, 310 U.S. 296, 303 (1940).  While prisoners retain First Amendment rights, including the First Amendment right of free exercise of religion, see Cruz v. Beto, 405 U.S. 319 (1972) (per curiam), prison regulations or policies "alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (holding that the Turner v. Safley standard of review is applicable to claims that an inmate's free exercise rights have been violated).  O'Lone continued the Court's admonition to give respect and deference to the judgment of prison administrators even in First Amendment challenges raised within the confines of prisons or jails. 482 U.S. at 350.[2]  "[T]he Free

_____

[2] In City of Boerne v. Flores, 521 U.S. 507, the Court held that the Religious Freedom Restoration Act, (RFRA), 42 U.S.C. §2000bb, et seq., was unconstitutional as exceeding Congress's authority under the Constitution.  That decision required returning to the standard of review employed in O'Lone v. Shabazz, supra. Subsequently, in September 2000, Congress attempted to reinstate RFRA's protection against government burdens on religious exercise imposed by states and localities by enacting the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc et seq.  This statute mirrored the provisions of RFRA, but its scope was limited to laws and regulations concerning land use and institutionalized persons. See 42 U.S.C. § 2000cc-1(a). RLUIPA's enactment was premised on congressional findings similar to those made for RFRA, namely, that in the absence of federal legislation, prisoners, detainees, and institutionalized mental health patients

Exercise Clause does not require states to make exceptions to neutral and generally applicable laws even when those laws significantly burden religious practices." <u>Goshtasby v. Board of Trustees of Univ. of Ill.</u>, 141 F.3d 761, 769 (7 Cir. 1998) (citing <u>Employment Division Department of Human Resources of Oregon v. Smith</u>, 494 U.S. 872, 887 (1990)); <u>see also</u> <u>City of Boerne</u>, 521 U.S. 507 (Scalia, J., concurring) ("Religious exercise shall be permitted so long as it does not violate general laws governing conduct.").  In other words, the kosher meal restrictions about which the plaintiff complains must target his religion alone or be intentional discrimination against members of this religion.  So long as the restrictions promote a legitimate reason such as safety they do not run afoul of the constitution. At this point, there is no indication that the defendants had a legitimate reason for imposing the restrictions.

The denial of freedom of religion claims should proceed beyond the screening and the Rule 12(b)(6) hurdles, as the plaintiff has stated a claim against Chaplain Bizzarro under the <u>Twombly</u> or "heightened pleading" standard.  The plaintiff has not specified whether he intended to sue the defendant Bizzarro in his individual

_____

faced substantial burdens in practicing their religious faiths. <u>See</u> Joint Statement of Senator Hatch and Senator Kennedy, 146 Cong. Rec. S7774-01 (daily ed. July 27, 2000).  In passing RLUIPA, Congress sought to avoid <u>City of Boerne</u>'s constitutional barrier by relying on its Spending and Commerce Clause powers, rather than on its remedial powers under section 5 of the Fourteenth Amendment as it had in RFRA. <u>See</u> 42 U.S.C. §2000cc-1(b)(1) (establishing that Section 3 of RLUIPA applies whenever the burden at issue "is imposed in a program or activity that receives Federal financial assistance"); 42 U.S.C. §2000cc- 1(b)(2) (establishing that section 3 of RLUIPA applies in cases in which "the substantial burden [on religion] affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes").

or official capacity.  A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment.  Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner.  Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant Bizzaro in his individual capacity.  Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

III.  Conclusion

Based on the foregoing, it is recommended that:

1.   The Complaint proceed against the defendant Bizzarro in his individual capacity.

2.   The defendant Ryan be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of May, 2008.

UNITED STATES MAGISTRATE JUDGE

8

```
cc:   Antonio Holloway, Pro Se
      No. 080003484
      Metro West Detention Center
      13850 NW 41st Street
      Miami, Fl 33178
```