```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 08-21250-CIV-LENARD
                                   MAGISTRATE JUDGE P.A. WHITE
```

| | |
|---|---|
| ANTONIO HOLLOWAY, | : |
| Plaintiff, | : |
| v. | :    REPORT OF |
| | MAGISTRATE JUDGE |
| CHAPLAIN BIZZARO, ET AL., | : |
| Defendants. | : |

## I. Introduction

This Cause is before the Court upon the Motion to Dismiss filed by the defendant Chaplain Dominic Bizzaro. [DE# 11]. On April 29, 2008, Antonio Holloway filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 6].

This case is proceeding against Bizzaro on the claim that Bizzaro denied his requests for pork-free meals in violation of the plaintiff's First Amendment right to the free exercise of religion. [DE# 10, Order adopting recommendations of Magistrate Judge Preliminary Report].

The defendant argues that the plaintiff is barred from recovering compensatory damages pursuant to the Prison Litigation Reform Act because he has not alleged that he suffered a physical injury. In a footnote, the defendant argues that, in any event, the plaintiff has failed to state a claim upon which relief may be granted because the menus in all Miami-Dade County correctional facilities are pork-free, as demonstrated by an attached memo dated July 7, 2006 by the Commander of the Food Services Bureau.

## II.  Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11 Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989). Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11 Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff specifically makes the following request for relief: "Compensatory damages $10,000,000, attorney fees if applicable, and trial by jury." [DE# 1 at 4].

The plaintiff's Complaint is barred by 42 U.S.C. §1997e(e) because the plaintiff fails to allege that he suffered any physical injury as a result of the alleged constitutional violation. Section 1997e(e) bars prisoner civil actions for "mental or emotional injury suffered while in custody without a prior showing of physical injury. A plaintiff, who files his complaint while in custody, who does not allege any physical injury as a result of an alleged First Amendment violation may not seek compensatory damages, but can seek nominal and punitive damages, and equitable

2

relief.  See Frazier v. McDonough, 264 Fed.Appx. 812, 815 (11 Cir. 2008); Smith v. Allen, 502 F.3d 1255, 1271 (11 Cir. 2007); Hughes v. Lott, 350 F.3d 1157, 1162 (11 Cir. 2003).

District Courts are directed to examine a complaint to determine whether if it can be liberally construed to request relief other than compensatory damages.  Frazier, supra at 815.  In this case, there is no indication that the plaintiff seeks any relief other than compensatory damages and attorney's fees.  As a result, the Complaint must be dismissed without prejudice pursuant to 42 U.S.C. §1997e(e).[1]  Complaints which have been liberally interpreted to raise a request for nominal damages or equitable relief contain such phrases as "such other relief as may appear that Plaintiff is entitled" or similar language.  The Complaint in this case contains no such language.

### III.  Conclusion

Based on the foregoing, it is recommended that the Motion to Dismiss [DE# 11] be granted as to the argument that the Complaint is barred by 42 U.S.C. §1997e(e).  The Undersigned expresses no opinion as to the argument that the defendant's attached exhibit demonstrates that the plaintiff has failed to state a claim for relief.  It is further recommended that the Complaint be dismissed without prejudice, allowing the plaintiff to amend his request for damages or bring his claims after he is released from custody (if the applicable statute of limitations permits) at which time 42 U.S.C. §1997e(e) would be inapplicable.

---

[1] Dismissals of claims for monetary damages under §1997e(e) "should be without prejudice to re-filing the claim if and when the plaintiff is released."  Harris v. Garner, 216 F.3d 970, 980  (11 Cir. 2000) (en banc), cert. denied, 532 U.S. 1065 (2001).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 27th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Antonio Holloway, <u>Pro Se</u>
      No. 080003484
      Metro West Detention Center
      13850 NW 41st Street
      Miami, Fl 33178

      Erica Sunny Shultz Zaron, Esq.
      Miami-Dade County Attorney's Office
      Metro Dade Center
      111 N.W. 1st Street
      Suite 2810
      Miami, FL 33128-1993